UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY L. COLLINS,

    Plaintiff,

    v.

INTERNAL REVENUE SERVICE, *et al.*,

    Defendants.

Case No. C07-0289RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion filed by the United States of America (the "United States") to dismiss this action with prejudice for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12. Plaintiff, who is appearing *pro se*, opposes the motion.[1]

## II. DISCUSSION

Plaintiff filed this action on January 25, 2007 in King County District Court. Defendants removed the action to this Court on February 22, 2007. According to plaintiff, he is seeking "a declaratory judgment and injunctive relief by the abatement of a fraudulent 'Notice of Federal

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda and plaintiff's exhibits, plaintiff's request for a hearing is denied.

ORDER GRANTING
MOTION TO DISMISS - 1

Tax Lien.'"  Plaintiff's Opposition at p. 5.

The United States argues that the two named defendants, the Internal Revenue Service ("IRS") and Revenue Officer P. Blackard are not proper parties to this action.  The United States contends and has provided authority to show that the IRS, as a division of the Treasury Department, is an agency of the United States.  Although plaintiff denies that the IRS is an agency of the United States, applicable authority does not support his argument.  The IRS is therefore protected by sovereign immunity and cannot be sued absent Congressional authorization, which has not occurred.  Accordingly, the IRS is not a proper party to this suit.  Similarly, defendant Blackard is protected by sovereign immunity and is not a proper party to this suit.  The Court therefore dismisses without prejudice plaintiff's claims against the IRS and P. Blackard.

Moreover, the United States is the only proper party to this action.  Therefore, the United States is substituted as the defendant.

Plaintiff's claims against the United States must be dismissed for several reasons.  First, plaintiff has not served the United States, the IRS, or defendant Blackard as required by Federal Rule of Civil Procedure 4.  Second, because of the insufficiency of service of process, the Court also lacks personal jurisdiction over the United States.  Third, the Court lacks subject matter jurisdiction.  The United States is not amenable to suit absent a waiver of its sovereign immunity.  Furthermore, although the United States' motion clearly set forth the basis on which dismissal was sought, plaintiff still has not served the United States or sought additional time to do so.  Nor has he alleged any basis for subject matter jurisdiction or for a waiver of sovereign immunity.  Accordingly, dismissal is warranted for insufficiency of service of process, lack of personal jurisdiction, and lack of subject matter jurisdiction.  Although the United States requests that the Court dismiss plaintiff's claims with prejudice, it has not shown a basis for doing so.

Finally, plaintiff's opposition to the United States' motion requests that the Court remand

ORDER GRANTING
MOTION TO DISMISS - 2

1 this case to state court.[2]  The Court denies the request because all requests for relief must be
2 contained in a motion that complies with Local Rule 7, which plaintiff's response does not.  Fed.
3 R. Civ. P. 7(b)(1), Local Rule 7.  Even if the request were construed as a motion, it would be
4 denied because this case was properly removed pursuant to 28 U.S.C. § 1442(a)(1).

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the United States' motion to dismiss (Dkt. #2) and dismisses plaintiff's claims without prejudice.

DATED this 23rd day of April, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[2] Plaintiff requests remand based on fraud pursuant to Federal Rule of Civil Procedure 60(b)(3).  That rule does not apply because there has been no judgment entered in this case.

ORDER GRANTING
MOTION TO DISMISS - 3